KELLY and another, administrators of FOSTER, against FOSTER.

*Sunbury,*
*Saturday,*
July 8.

IN ERROR.

When the terms of a special agreement to do a certain thing for a certain sum, have been performed by the plaintiff, the law raises a duty in the defendant, for which *indebitatus assumpsit* will lie.
The plaintiff declared in *indebitatus assumpsit* for work

WRIT of error to the Common Pleas of *Dauphin*.

The declaration by *Foster*, the plaintiff below, against the administrators of *Foster*, contained two counts: the *first* an *indebitatus assumpsit*, and the *second* a *quantum meruit*, for work labour and services performed for the intestate in his lifetime. Upon the trial, the plaintiff gave in evidence a promise by the intestate to give him 200*l.* if he would live with him until the intestate's death, and that he accordingly had lived with, and worked for him, up to that time.

The defendant's counsel insisted that the special promise

and labour, and proved a promise by the intestate to pay him 200*l.* if he would live with him until the intestate's death, which he accordingly had done. *Held* that the general count was supported by the proof.

·did not support the declaration, and that the action should have been a special *assumpsit;* but the court charged the jury that if they believed the testimony, it entitled the plaintiffs to their verdict for 200*l.*; and the defendants took a bill of exceptions.

1809.

KELLY
*v.*
FOSTER.

The point was argued at *July* term 1808, by *Fisher* and *Duncan* for the plaintiffs in error, and by *Laird, contra.*

For the plaintiffs in error it was said, that in order to prevent surprize, and to keep the forms of actions distinct, it had become a settled principle that '*indebitatus assumpsit* will not lie where there is a special contract between the parties. In such a case the defendant ought to have notice by the declaration that he is sued upon the contract, as was resolved by the court in *Weston* v. *Downes* (a). If indeed an end has been put to the contract, as if by the terms of it it is left in the power of the plaintiff to rescind it and he does rescind it, or if it is rescinded with the assent of the defendant, then *indebitatus assumpsit* will lie upon the duty which the law may imply from the original transaction between the parties; but if it continues open, the plaintiff must state the special contract and the breach of it. This is expressly the decision in *Towers* v. *Barrett* (b), and upon the same ground the court must have gone in *Power* v. *Wells* (c). In the present case the contract remained open, the plaintiff claimed the precise sum stipulated by it, and the court below stated this sum as the measure of damages; of course the claim was founded exclusively upon the contract, and any implied *assumpsit* to pay for the services performed was out of the question. In the case of *Dutton* v. *Solomonson* (d), this doctrine is carried so far by the Common Pleas, that where goods had been sold to the defendant to be paid for by a bill at two months, which after delivery of the goods he refused to give, the whole court held that *indebitatus assumpsit* would not lie before the expiration of the two months, and Lord *Alvanley* said he had great ʼdoubts whether it would lie afterwards, and recommended a count upon the special contract.

(a) *Doug.* 23.
(b) 1 *D. & E.* 133.

(c) *Cowp.* 818.
(d) 3 *Bos. & Pul.* 582.

1809.

KELLY
v.
FOSTER.

For the defendant in error it was answered, that there was sufficient evidence upon the trial to entitle him to a recovery, independent of the special contract, as he proved labour and work done; and there is no doubt that a plaintiff may recover upon a count for a general *indebitatus assumpsit*, if he proves enough to support it, although he has also a count upon a special agreement which he attempts to prove and fails. But the ground of the plaintiff's right to recover in the present action is this, that where the terms of a special agreement are performed by the plaintiff, it raises a duty for which *indebitatus assumpsit* will lie. *Gordon* v. *Martin* (a), *Bull. N. P.* 139. 1 *Selwyn N. P.* 63. While the special contract remains executory, the party must declare specially; but when it is executed he may declare generally; *Brook* v. *White* (b); and it is to be observed that the doubt attributed to Lord *Alvanley* in *Dutton* v. *Solomonson*, is not entertained by any of the court in *Brook* v. *White*, the point being unanimously ruled the other way, *Chambre* J. saying that if any thing dropt from Lord *Alvanley* upon that subject, it was extrajudicial. In *Clark* v. *Gray* (c), Lord *Ellenborough* says there are a great variety of agreements not under seal, containing detailed provisions regulating prices of labour, rates of hire, times and manner of performance, &c. which are every day declared upon in the general form of a count for work and labour. The inconvenience of surprize, which is the only one chargeable against this form of action, may at all times be obviated without difficulty, by demanding a bill of particulars, or a statement of the party's claim.

*Cur. adv. vult.*

Upon this day the judges delivered their opinions.

TILGHMAN C. J. This cause comes before us on a writ of error to the Court of Common Pleas of *Dauphin* county. The plaintiff below declared upon an *indebitatus assumpsit* and *quantum meruit* for work and services performed by him for *James Foster* deceased. On the trial he proved, that he had lived with *James Foster* several years and performed services for him; he also proved a promise by *James Foster*, that if the plaintiff would live with him till the time of his death, he would give him 200*l.*, and that he did live with

(a) *Fitzgib.* 303.          (b) 4 *Bos. & Pul.* 330.          (c) 6 *East*, 569.

him. The court told the jury, that if they believed this evi-
dence, the plaintiff was entitled to a verdict for 200*l.*, which
the jury found accordingly, and the defendants took a bill of
exceptions to the court's opinion.

The strength of the objection lies in this, that the plaintiff
ought not to have been permitted to avail himself of this spe-
cial agreement without having stated it in his *Narr*. We have
held this case under advisement since the last term, in order
to have an opportunity of examining the authorities cited on
the argument, many of which were not to be procured in this
place. Upon a careful examination of the law it appears to
me to be settled, that when the terms of a special agreement
have been performed by the plaintiff, the law raises a duty,
for which a general *indebitatus assumpsit* will lie. It is so
laid down in *Buller's Nisi Prius* 139, and the case of *Gor-
don* v. *Martin, Fitzgibb.* 302, is cited in support of the prin-
ciple. *Buller* is fully supported by the case referred to, which
was a decision on the very point. The opinion of Justice
*Dennison* is precisely the same in *Alcorn* v. *Westbrook*,
1 *Wils.* 117; and to the same purpose is the late case of
*Brooke* v. *White*, 4 *Bos. & Pul.* 330. I am always glad to
find authority for supporting the verdict of a jury where the
merits appear to have been fairly before them, and for sup-
porting that kind of pleading which is attended with the
least difficulty. The only objection to this general manner of
declaring is that the defendant may be taken by surprize;
but with proper caution he never can; for he may demand
of the plaintiff to specify the nature of the evidence he means
to offer, and until this is done, the court will not suffer the
plaintiff to bring on the trial. Something very like the pre-
sent question was determined by this court in the case of
*Snyder and wife* v. *Samuel Castor, administrator of George
Castor*, at *Philadelphia March* term 1807. The plaintiff de-
clared on a general *indebitatus assumpsit* for work labour
and services &c., and gave in evidence a promise of the in-
testate to pay *after his death.* It was objected that this was
a special promise, different from that laid in the declaration;
but the court decided that the action might be supported, as
it was not brought till after the time when the money was
due. I am therefore of opinion that the judgment of the
Court of Common Pleas be affirmed.

KELLY
v.
FOSTER.

YEATES J. The distinction is fully established in the cases cited by the Chief Justice, *Bull.* 139. *Fitzgib.* 302. 1 *Wils.* 117. 4 *Bos. & Pul.* 330, that an *indebitatus assumpsit* or *quantum meruit* will lie upon a special contract executed by the plaintiff; but on such contract to be performed in future, the plaintiff must declare on the special agreement. All the cases upon the subject were fully considered in *Snyder et ux.* v. *Castor's administrators*, and I mentioned that decision during the argument at the last term. The present suit appears to me to be the same in principle, and I cannot distinguish between them. It is the defendant's fault if he is surprized on the trial; because he may require of the plaintiff the particulars of his demand previous to the trial, and may come prepared to meet it. I concur in opinion that the judgment below may be affirmed.

BRACKENRIDGE J. It has occurred to me sometimes to consider whether the practice of our courts in this state, in bringing a matter to issue, will warrant the like strictness with the courts of *England*, in what shall be given in evidence.

I will premise that I think a great deal has been lost in permitting the practice that has taken place here, or a departure from what is called *special pleading.* There is not only great scientific beauty, but there is wonderful conveniency for the attainment of justice in having the matter in controversy brought to a point, and on which the issue joined goes to the jury. It gives the party on the other side a clear and explicit view of what is to be proved or resisted on the trial. But independent of this, half the matters in controversy are determined before the issue is made up, or goes to a jury; this on demurrer &c.; or, if not determined, the controversy is so narrowed that a single question being to be tried, the necessity of calling witnesses is wonderfully reduced, and great expense saved. I take the want of having the leading point that is to be controverted in the cause specially brought to an issue, is a great cause of the delay of trials in our courts of justice. For in laying the evidence before the jury, there is the same process of attack and defence, as on paper in special pleading preparatory to the trial; the

plaintiff makes out his allegation. The defendant goes on to prove something, which, admitting it, overthrows it. The plaintiff overthrows that by a supervenient fact, and the rejoinder, surrejoinder, rebutter, and surrebutter, are all gone through by the adduction of witnesses; which would have been rendered in some part unnecessary, if the parties had come to action first, knowing precisely the point at which they were to meet.

May there not therefore seem less reason where the pleadings are special, and made out in form, to indulge evidence of what is not specially alleged in the declaration; is not a party more likely to be surprized where that is expected, and not done? Certain it is, that in consequence of our practice, parties come more prepared to give in evidence all matters that relate to a transaction of which the declaration may lead them to have some knowledge, and are less likely to be surprized by the liberality of admitting testimony on somewhat broader ground than in the courts of *England*. But laying aside these considerations, in the case before us I would take it that even according to the *English* decisions, the evidence may be reconciled with the declaration, and the direction of the judge supported. I shall not take up the time of the court to go through the decisions on the subject of the variance alleged; though I have considered the bulk of them, and doubtless they have been carried to the utmost extent of technical strictness, in some late cases. I take that of *Mussen* v. *Price*, 4 *East* 147. where Lord *Ellenborough* said, " The only question was as to the form of declar-" ing. There is no doubt but that the plaintiff might " have recovered by bringing his action on the special " contract. But the question is whether he has not also this " remedy. And if it were not for the authority of the case " cited before Justice *Chambers*, whose opinion is entitled to " great weight, I should have thought he has. That was the " leaning of my mind before I heard of the decision of the " learned judge, and so must I own it is in some degree still; " so that whatever respect I feel for the opinion, the present " feeling of my mind is against it." His associates, however, thought otherwise; and *Le Blanc* concludes with observing, " that in all cases, without express authority to the contrary,

" it is better to keep the forms of action as distinct as pos-
" sible, instead of running one into another.

Lord *Alvanley* in *Dutton* v. *Solomonson*, 3 *Bos.* & *Pul.* 584.
expresses himself thus, " I was at first inclined to hope that we
" might hold the plaintiff at liberty to recover on this general
" count, as if there had been no special agreement. These
" were the impressions on my mind, when the point was first
" started, and I should have been glad if the law would have
" warranted me in giving them effect. Indeed the same
" arguments seem to have weighed with Lord *Ellenborough*
" in the case of *Mussen* v. *Price*, who accordingly there de-
" livered his opinion in favour of the plaintiff. Whatever
" doubts therefore I may have entertained, respecting the
" rule which ought to be adopted, I cannot set up my judgment
" against the decision of the King's Bench, which is precisely
" in point. If this matter had been *res integra*, I should have
" thought for myself; but the law being once settled, no
" material inconvenience can result from adhering to the
" rule which has been laid down."

But the case of *Cook* v. *Munstone*, 4 *Bos.* & *Pul.* 351.
furnishes a still stronger instance of technical strictness in
confining the recovery to the demand made. The declaration
was for *soil* or *breeze*. The proof went to a contract for *breeze*
only, and the plaintiff was nonsuited. He insisted to recover
back, on a count for money had and received, the money he
had advanced on the contract, but was not allowed. This is put
on the ground of excluding " the practising surprize on de-
" fendants," and for the sake of the general principle, that
if evidence is admitted other than what applies to the
allegation of the declaration, where there is any material
variance, it would be difficult to say where it should ter-
minate. I am not about to say that I am dissatisfied with
this principle, or prepared to say how the difficulty can be
got over, even under our practice; but in the case which
we have to consider, there cannot be said to be a material
variance, between the contract laid in the first count, and
that proved. The time of service agreed upon, was during
the life of the person hiring, and 200*l.* the compensation to
be devised to him, in other words paid to him after his
decease. The count is 200*l.* for a length of service. It might
have been more particular; but so far as it goes, it answers

the contract, and there is no variance. And the count is not more general, than the law allows in the statement of the consideration of a demand. On an *indebitatus*, it is not necessary to state particularly how the debt arose, or how it was to be paid; for that in many cases would involve the whole history of the contract. A generality of statement is allowable; and though the stating the agreement specially is preferable, yet a generality of statement has been admitted in precedent.

If we consider the first count in the case before us as a special count, and the evidence supporting it, it is not material that the second count is general; for the difficulty the courts have had, is where a special agreement is laid, and the evidence does not go to support it, but the general *indebitatus assumpsit* of another count; and even this is now settled that the evidence may be given. *Bul. N. P.* 139.

It would seem to me therefore, that with a little exercise of that *astutia* which the law will countenance in supporting the justice of a case against defect of form, we are able in this case to reconcile the judgment of the court below with the technical strictness which courts have thought necessary in stating a ground of action, to give the defendant reasonable notice of what is demanded; for that is the reason of the rule. Counts for money had and received have been allowed to such extent, that in most cases they give little or no information of the cause of action; while the generality of statement under the head of an *indebitatus assumpsit*, has been restrained with subtilty, and specification insisted on. The guarding against surprize is the principle; but where there is surprize, there is relief by application to the court to put off the trial, to withdraw a juror, or to grant a new trial. Where the surprize arises from a want of notice from the declaration, and where that has not been helped by a specification more particular, it cannot be possible that a court would refuse a new trial, and that perhaps at the costs of the plaintiff in some cases; but where there has not been in fact surprize, and it must be manifest that justice has been done, to reverse a judgment, and turn a party round to a new action, barred perhaps by the statute, is a hardship, and ought not to be, where a general rule can be

1809.

KELLY
v.
FOSTER.

substantially preserved, and the judgment supported. The forms of law do not make it a game of tric trac, a system of catches, nor is subtilty and discrimination useful, but to enable to reach the truth, and get at the justice of the case with certainty, and with despatch. A rule of law pushed to an extreme does not correspond with the intention of it; and applied to a case where the reason of it does not exist, works injustice, and a dissatisfaction with the administration of justice, under the technical form of systematic science. I am inclined in this case to affirm the judgment.

Judgment affirmed.