MILES *against* MOODIE.

IN ERROR.

*Lancaster.*

*Monday,*
May 26.

THIS was a writ of error to the Common Pleas of
*Dauphin* county, in a suit brought there by *Moodie* against
*Miles*.

The declaration was in *indebitatus assumpsit* and *quantum
meruit*, for work, labour, and services. The Court be-
low charged the jury, that evidence of a promise made by
the defendant, to pay to the plaintiff a certain sum *per diem*,
was legal evidence under this declaration. The defendant
excepted to this part of the charge. The suit was brought
to *June* Term, 1804, upon a cause of action originating in
the year 1797. Evidence was given, that when the sheriff
served the writ in this suit upon the defendant, the latter said
to him, " I will write to Mr. *Watts* to attend to the business;
" *Moodie* did not do the business accurately." The Court
below charged the jury, that " a promise to pay a debt, takes
" it out of the statute of limitations. So does an acknow-
" ledgment of a debt; for from an acknowledgment a pro-
" mise to pay is implied ; a very slight acknowledgment is
" sufficient. If a defendant, at the time of making the ac-
" knowledgment, says, that he has paid the debt, or says
" any thing in connexion with the acknowledgment, which is
" inconsistent with a promise to pay, the statute will never-
" theless operate ; the debt is not thereby revived. If from
" the evidence the jury infer, that the defendant made even
" a very slight acknowledgment of the debt, not inconsistent

An agree-
ment by the
defendant to
pay the plain-
tiff a certain
sum *per diem*
for work, is
good evidence
in *indebitatus
assumpsit*, for
work, labour,
and services.
The defen-
dant when the
writ was serv-
ed upon him,
said, " I will
write to Mr.
Watts to at-
tend to the bu-
siness; Moodie
did not do the
business accu-
rately." *Held*,
that this was
such an ac-
knowledg-
ment as took
the case out of
the statute of
limitations.

" with a promise to pay, then they will consider the statute " as no bar to the plaintiffs.    If such be not their inference " from the evidence, the statute is conclusive against the de- " mand of the plaintiff."

The defendant also excepted to this part of the charge. The jury found a verdict for the plaintiff.

*Fisher* and *Duncan*, for the plaintiff in error.

1. Evidence of a *per diem* allowance agreed on by the parties, is not good under the general counts for work and labour.

2. The statute of limitations barred the plaintiff's action. Saying, that the work had been done inaccurately was no acknowledgment. It was a denial of the justice of the claim. No case has gone so far as to hold such words an acknowledgment.    In *Smith* v. *Freel*,(a) the defendant admitted the note, but said he had paid it.    This was held not to take the case out of the statute.    In *Lacost* v. *Briggs*,(b) it is said by the Lord Chancellor, that there must be a direct acknowledgment to have that effect.

3. Whether the evidence takes the case out of the statute, is matter of law, and should not have been left to the jury. In *Brown* v. *Campbell*,(c) this Court held it to be error in the Judge below, to leave it to the jury to decide that point.

*Elder* and *Hopkins*, contra.

1. The case of *Kelly* v. *Foster*,(d) settles the principle, that, although before a contract is executed, it may be necessary to state it exactly as it is, yet, when it is executed, a general *indebitatus assumpsit* is sufficient.    The latter is our case ; and the question must be considered as settled.

2. A slight acknowledgment of a debt is sufficient to take it out of the statute. 5 *Burr.* 2630. 1 *Binn.* 212.    In *Cobham* v. *Mosely*, (e) saying " I will not pay it; *Rosewell* ought " to pay it ; I will speak to him about it ;" was held to avoid the statute.    So " I will settle with him." *Hayward*, 18. In *Cowan* v. *M'Gowan*,(f) it was held, that bare evidence of an acknowledgment of a debt, within six years, without

(a) *Addison's Rep.* 291.
(b) 3 *Atk.* 107.
(c) 2 *Binn.* 4.
(d) 2 *Hayward*, 6.

(e) *Wallace's Rep.* Circ. Co. *United States*, 66.
(f) 1 *Serg. & Rawle*, 176.

any evidence of a promise or intent to pay, avoids the sta- 1817.
tute. Here *Miles* admitted, by his acknowledgment, that ————
*Moodie* had a right to something, but questioned the *quantum.* MILES
This amounted to a promise to pay as much as the services *v.*
were worth. MOODIE.

3. The Judge left to the jury the meaning of the words
used by the defendant. This was matter of fact, and proper
for them to determine. The meaning depended on extrinsic
circumstances. In *Brown* v. *Campbell,(a)* it depended on
the construction of written evidence.

The opinion of the Court was delivered by

TILGHMAN C. J. The plaintiff declared on a general *in-
debitatus assumpsit* and *quantum meruit*, for work, labour,
and services performed for the defendant, and gave evidence
of a performance of the work, &c. and of a promise made by
the defendant to pay him a *certain sum per day.* The Court
below were of opinion, that, upon this evidence, the plaintiff
was entitled to recover. It is objected, that the contract was
*special*, and ought to have been specially set forth in the de-
claration. This objection was fully considered in the case
of *Kelly* v. *Foster*, 2 *Binn.* 4, where this Court decided, that
after the plaintiff had performed the stipulated services, he
might recover on a general *indebitatus assumpsit*, although
the defendant's promise, was, to pay *a sum certain.* I, there-
fore, consider the law as settled.

Another exception is taken to the Court's opinion, con-
cerning the statute of limitations, which was pleaded by the
defendant. Parol evidence was given of the following words,
spoken by the defendant, at the time the writ in this suit was
served upon him. " I will write to Mr. *Watts* to attend to
" the business; *Moodie* did not do the business accurately."

The Court charged the jury, " that if they should infer
" from the evidence, that the defendant made even a very
" slight acknowledgment of the debt, not inconsistent with a
" promise to pay, they should then consider the statute as no
" bar to the plaintiff's claim ; but if such was not their infe-
" rence from the evidence, the statute was conclusive against
" the demand of the plaintiff." The defendant's objection to
this charge, is, that the operation of the statute is matter of

(a) 1 *Serg. & Rawle*, 176.

*law*, and ought not to have been left to the *jury ;* and in support of this objection, the decision of this Court, in the case of *Brown* v. *Campbell*, is relied on. (*Chambersburg, October,* 1814.) That a slight acknowledgment of a debt, is sufficient to take the case out of the statute, has been often decided. Were it *res nova*, I should probably not go so far as the law has been carried on this point. But, without overturning what has been established, I cannot say, that the Court below erred, in laying down the law, that a slight acknowledgment of the debt, was sufficient evidence of a promise to pay, unless the defendant, at the same time declared, that he would not pay, or something tantamount. Without enlarging on this subject, I will refer to the cases of *Cowan* v. *M'Gowan*, (*Wallace's Rep.* 66, in Circuit Court of *United States,*) and *Wistar's executors* v. *Moor*, (5 *Binn.* 573,) in both of which, the law was fully considered.

As to leaving this matter to the jury, it does not appear, that any thing more was left to them, than what it was their right to decide. Whether any, and what words were spoken by the defendant, was matter of fact, and what, upon the whole, was the meaning of those words, was a question, in which was involved so much fact, that it was properly left to the jury. The expressions, " I will write to Mr. *Watts to attend to the business*," are certainly very equivocal. I do not see how the Court could undertake to construe them. Something *extrinsic* must be resorted to. Mr. *Watts* might attend to the business, as an *attorney* at law, or as a person *interested* in the work done by the plaintiff. I have looked into the case of *Brown* v. *Campbell*. It was very different from the present. The defendant, in that case, had *written a letter*, from which, the Court below told the jury, they might, if they thought fit, infer a promise which would avoid the statute of limitations. That letter was part of the record, and as it did not appear, that there was any extrinsic circumstance, to be taken into consideration, its import was simply a matter of construction, belonging properly to the Court. The case of *Brown* v. *Campbell* then, so far as it has any bearing on the present case, is in favour of the plaintiff.

Upon the whole, I am of opinion, that the judgment of the Court of Common Pleas should be affirmed.

Judgment affirmed.