The opinion of the court was delivered by
Tilghman, C. S.
David James, the plaintiff below, filed a statement, in which he declared his cause of action to be a book account, for goods,. wares and merchandize, sold and delivered by him to the defendants, and also for commission on certain goods purchased for the defendants, leather sold for them, and money paid, on their account, as follows, viz. (then followed the amount of particulars,) 1st May, 1816, balance #2432, 15, &c. &c. On the trial of the cause, the plaintiff in support of this action, gave in evidence, an entry in his day book, specifying the terms on which he was to furnish goods of his own, to the defendants, make purchases of other goods for them, and make sale of goods to be sent to him by the defendants to be sold on their account. A copy of this entry was given by the plaintiff to the defendants, at the commencement of their dealings, but was not signed by either party. It was proved also, that the defendants transferred to the plaintiff the bond of a certain John Keen, for 2056 dollars principal, on which was indorsed a written assignment by the defendants, in the words following: 11 June 5th 1815, we do hereby assign over all our right, title, interest, and claim of the within bond, to David James, for value received.” There was also the plaintiff’s receipt, in writing, for the bond. This bond was not payable until some time after the date of the assignment, and a credit was entered to the defendants on the plaintiff’s books, for the amount of the principal and the interest which would be due on the bond on the *315 day on which it would be payable. The principal dispute between the parties, was whether this bond was received by the plaintiff, as an absolute payment, or only as a collateral security; and to prove that it was received as a security only, the plaintiff offered the deposition of Alexander Clay, who had been a clerk in the plaintiff’s store, at the time of his transactions with the defendants. Clay’s testimony went also to the proof of the goods which were sold and delivered by the plaintiff to the defendants, and of some other matters. The plaintiff offered in evidence also, several letters of the defendants to him, previous to the commencement of their dealings, proposing certain terms on which the defendants wished to deal with him. To all this evidence the defendants objected, on the ground of its being contrary to the entry in the plaintiff’s books, which they considered as the written agreement of the parties; and contrary to the written assgniment, indorsed on the bond, and the written receipt of the plaintiff. I concur with the defendants’ counsel, in opinion, that the entry in the plaintiff’s books, is to be considered as the agreement of the parties. Because, when it was copied and delivered to the defendants, and accepted by them, without objection, their consent may be fairly inferred, although the writing was not signed by either party. That, being the case, the agreement was not to be contradicted, by parol evidence of what had passed between the parties before, neither was the written assignment of the bond to be contradicted by parol evidence. But I am of opinion, that the evidence objected to by the defendants, and admitted by the court, did not materially contradict, either the entry in the plaintiff’s book, or the assignment indorsed on the bond. The entry in the book, did not specify the goods which were delivered to the defendants. It was necessary therefore to prove that, by evidence aliunde; neither did the written assignment of the bond, declare, whether or not it was to be accepted by the plaintiff, as an absolute payment. It was open to the plaintiff, therefore, to prove by parol evidence, on what terms it was accepted. The error in the argument of the defendants’ counsel is, in treating the matter as if this had been an action brought by the plaintiff against the defendants charging them with a responsibility by virtue of the assignment, because the money had not been recovered of the obligor in the bond. But that is not the case. This action is founded on the contract for goods sold and delivered, &c. Then, when the defendants set up the assignment of the bond, as a payment, it is incumbent on them to prove that it was so intended. The wriing itself shows no such thing, and in cases where a chose in ac-tion is assigned by the debtor to the creditor, I think the presumption is, that it was not intended as an absolute payment, unless it is so expressed. The reason of this presumption is, that such assignment is not in its nature a payment. It puts no money in the hands of the creditor, but only gives him the means of collecting money from another. If these means fail, therefore, without the *316 fault of the creditor, there is no reason why the original debtor should be discharged. The entry of credit in the plaintiff’s book, was by no means conclusive. It was not credited as cash, but as an assignment. And this entry is perfectly consistent with the testimony of Clay, that the bond was to be held as a security by the plaintiff, until the time when it was payable, and if not paid then, it was to be considered a§ payment. The court below, having admitted the evidence, submitted to the jury as matter of fact, on what terms the bond was assigned, and directed them to allow it as a payment or not, according to their opinion of the intent of the parties. There was no other way to do justice. I am of opinion therefore that there was no error, either in the admission of the evidence, or in the charge of the court.
An objection was made to the form of actioá. The defendants’ counsel suppose, that it should have been a special action on the case, founded on the written agreement. But I think the plaintiff had a right, after the delivery of the goods, &e. to charge the defendants on their-general assumption. The written agreement contains nothing very special. And when the plaintiff had done every thing which he was to do; when he had furnished the goods, &e., according to the agreement, he was not under the necessity of embarrassing his case, by a special declaration. This has been repeatedly decided. I will refer to the following cases in this court, without mentioning those in other courts, which are numerous. Kelly v. Foster, 2 Binn. 4. Miles v. Moodie, 3 Serg. & Rawle, 211. The defendants in this case, assigned a number of errors, which I have not considered separately, because they are comprehended in the points to which I have adverted. I am of opinion on the whole record, that there is no error, and therefore the judgment should be affirmed.
Judgment affirmed.