The opinion of the court was delivered by
Tod, J.
To understand this case, a former suit between the same parties must be mentioned. Walter Fortune, the plaintiff below, owed a debt on a promissory note to Ormsby and Doane, the defendants below and plaintiffs in error, upon which suit had been brought. At the same time, one Byer owed a debt to Walter Fortune, and it was arranged between the three parties, that Byer should give to Ormsby and Doane, his (Byer’s) promissory note, payable at sixty days: which was done under this agreement, that the note of Byer was to be in payment of the note of Fortune to Ormsby and Doane, in case it should be paid at maturityr. Byer never paid this note. Demand .was duly made, and a protest for non-payment. No suit was brought against Byer; but Orrnsy and Doane proceeded with their suit against Fortune, and in two or three years obtained a verdict and judgment against him. There was no proof of notice by Ormsby and Doane, to Fortune, of Byer's neglect to pay, nor of his insolvency, — rior have they ever given up, or offered to give up the note itself to Fortune. For that neglect of notice, and for not using diligence to procure payment from Byer, this special action upon the case is brought by Fortune, alleging as a grievance the loss to him of the debt clue from Byer. On the trial, he offered proof for the purpose of showing that Byer was able to pay. On the other side, proof was offered for the purpose of showing Byer to have been at the time insolvent. It was also contended, on the same side, ' that the law did not require any notice in the case.
The evidence given on the trial is brought up with the record, and is not material in any other view, than as it is connected with the charge of the court. Judging only from the record, the case *303 would appear to be strong to establish the fact of Byer’s insolvency: except that Byer himself, whose deposition was taken, proved that he offered to Ormsby and Doane, to pay them the note in merchandize, and that he made another, offer to Fortune to pay in the same way, provided his note was given back to him. His ability to pay was denied by other witnesses. To the same purport, sundry judgments against him, previous to the note and since, and yet unpaid, were produced from the records.
The court left the facts fully to the jury. They said that if Byer was insolvent, the defendants were not bound to hazard the costs of a law suit against him. In this, it is apprehended, they were clearly right. An error is alleged in the court’s omission to charge the jury relative to the conclusive effect of the former verdict and judgment, against W. Fortune, in the suit on the first note, between the same parties about the same matter. This omission of the court is not error. Their attention was not called to that point. It does not appear to have been mentioned oh the trial. But in some other parts of the charge there does appear to me to be error. In it the court gave a pretty strong opinion to the jury, that Ormsby and Doane were bound to use diligence to recover the money from Byer; that, in order to relieve them from the imputation of laches, the proof of Byer’s insolvency ought to be very clear; and they charged the jury, in point of law, that even if Byer was insolvent, yet Ormsby and Doane ought to have given notice to Fortune in a reasonable time, and to have returned the note. • It must be kept in mind, that the express agreement was for Ormsby and Doane to take Byer’s note, to be credited if paid when due. They did not assume upon themselves, nor, in my opinion, did the law impose upon them, any trouble or risk. They demanded the money at the day which, perhaps, they were not required to do. As to restoring the note to Fortune, as contended for by the counsel, it had never been in Fortune’s hands, nor was ever payable to him, nor was he upon it as indorser. Whatever might be its value to Ormsby and Doane, the note was a thing which they were not hound to part with; at any rate they were not bound to seek out the plaintiff, Fortune, in order to give it up. If Fortune wanted notice of Byer’s insolvency, or on any subsequent event wanted the note in his own hands, he should have provided so in the agreement. Even if notice, in a case like this, were required; yet the parties all lived in the same place, and there appears to be strong proof that Fortune had aetual notice, not only of the non-payment, but of the insolvency; for Byer, his own witness, swears that, he offered to Fortune himself to pay the note in merchandize, provided the note was given up to him. I agree that it might have been a material advantage to Fortune to have an opportunity of saving the debt,-or part of it, in this way; and, if he had made this offer of Byer known to Ormsby and Doane, and requested that the note, apparently useless to them, might, be *304 given up to him in order that he might get something for it, and they had refused without good reason, if Fortune had done and proved all this, what would have been the legal or equitable effect of such proof cannot now be decided; but certainly a case would have been made out very different from the present. For full authority to support the decision which the court is to give, I name the case of Leas and another v. James, 10 Serg. & Rawle, 307. The unanimous opinion of the court, is to reverse the judgment, and award a venire de novo.
Judgment reversed, and a venire facias de novo awarded.