## POOL & al. vs. TUTTLE.

A. purchased goods of B., and in payment therefor, transferred to him the note of C., agreeing, that if C. did not pay it on presentment, he, A. would pay the amount himself. *Held*, that after presentment — refusal of C. to pay — and notice to A. with a proffer of the notes, B. might maintain *indebitatus assumpsit* for the price of the goods — and that, he was under no necessity of declaring *specially*.

THIS was an action of *indebitatus assumpsit* on an account annexed to the writ, for goods sold and delivered, $26 — and a due bill for goods, $4.

On trial before *Perham J.* in the Court of Common Pleas, the plaintiffs offered evidence tending to prove that when they sold the goods charged to the defendant, he let them have a note therefor against one *Rufus K. Lane,* for $30, agreeing that if *Lane* did not pay the note the first time payment was asked of him, he, the defendant, would take back the note and pay them for it, or for the goods. That, they called on *Lane* for payment, but did not obtain it; and that they notified the defendant thereof, and proffered him the note according to the agreement.

On the other hand, the defendant offered evidence tending to prove that the plaintiffs took the note absolutely, and at their own risk, and requested the Judge to instruct the jury, that, if they found the agreement to be as the plaintiffs contended it was, then the calling on *Lane* for payment and his refusal was a condition precedent to the plaintiff's right of recovery; and that this should have been specially averred in the declaration, and proved at the trial.

The Judge instructed the jury, that if they were satisfied from the evidence, that the note was received of the defendant absolutely and unconditionally in payment for the goods and due-bill, this action could not be maintained. But if they were satisfied that the defendant agreed at the time the bargain was made, that if *Lane* did not pay the note the first time payment was demanded, the defendant would take it back and pay the money — that the plaintiffs did call on *Lane* and that he did not pay the note — and that the plaintiffs had notified the defendant of these facts and offered back the note to him, according to the agreement —

Pool & al. *v.* Tuttle.

in that case, the plaintiffs were entitled to recover in this action the value of the articles charged in the account annexed, with interest thereon from the date of the service of the writ.

The jury returned their verdict for the plaintiffs. To the foregoing ruling the defendant tendered a bill of exceptions, and thereupon brought the case up to this Court.

*Chandler* and *J. Granger*, for the defendant.

If the defendant is holden here, it must be a contract *express* or *implied*, and not on *both*. There can be no implied promise where there is an express one. One excludes the other. *Toussart* v. *Martineau*, 2 *T. R.* 105; *Whiting* v. *Sullivan*, 7 *Mass.* 109; 4 *East*, 147; *Poulter* v. *Ellinbach*, 1 *B. & P.* 397; 2 *Dane's Abr.* 44, 45.

So long as the contract is open and an action can be maintained thereon, the party must resort to it. 1 *Dane's Abr.* 221; *Weston* v. *Downes*, 1 *Doug.* 23; *Towns* v. *Barry*, 1 *T. R.* 134. It cannot be rescinded unless both parties can be left in the same situation as if no such special contract had been made. 4 *Dane's Abr.* 471; *Conner* v. *Henderson*, 15 *Mass.* 319. In this case the special contract was open and unrescinded and should therefore have been set forth in the declaration.

The instructions given were erroneous also because of their uncertainty, leaving it in doubt what the money was to be paid for, whether the note or goods.

*Chase*, for the plaintiff, cited the following authorities: *Sheehy* v. *Mandeville*, 6 *Cranch*, 253; *Felton* v. *Dickerson*, 10 *Mass.* 287; *Baylies* v. *Fettyplace*, 7 *Mass.* 325; *Whipple* v. *Dow*, 2 *Mass.* 415; *Goodrich* v. *Lafflin*, 1 *Pick.* 57; *Keyes* v. *Stone*, 5 *Mass.* 391; 7 *Johns.* 132; 10 *Johns.* 35; *Greenwood* v. *Curtis*, 6 *Mass.* 358; *Emerson* v. *Providence Hat. Man. Co.* 12 *Mass.* 237; 1 *Cowan*, 359; *Gibbs* v. *Bryant*, 1 *Pick.* 118.

MELLEN C. J. delivered the opinion of the Court.

Under the instructions of the Judge in the Court below, the jury, by returning a verdict in favor of the plaintiffs, have established the following facts, namely, that *Lane's* note was not *absolutely* received by the plaintiffs of the defendant *in payment* for the goods which he purchased of them; but that the defendant,

at the time of the bargain, agreed that if *Lane* should not pay the note the *first time* the plaintiffs should call on him for payment, the defendant would take back the note and pay them for the goods : that they did call on *Lane* for payment, but did not obtain it, and that they notified the defendant of the foregoing facts, and offered back the note to him, according to the agreement. The special agreement which the parties made has thus been performed on the part of the plaintiffs, and denied and violated on the part of the defendant. The counsel, in defence, contends that on these facts the present action cannot be maintained : that instead of declaring upon a general *indebitatus assumpsit*, he should have declared on the *special contract*, with the proper averments of performance on their part, and neglect and violation of the contract on the part of the defendant. It is at once perceived that the objection is one of form, and can have no connection with the real merits of the case : still, if it reposes on sound, legal principles, it is the duty of the Court to give full effect to it. Many cases have been cited by the counsel to establish the principle, that where parties have made an *express* agreement, the law raises no *implied* promise, such as is relied upon in the present case. This doctrine has long been *sanctioned* as sound and correct; and the learned *Mr. Dane* has criticised some of the more recent decisions in which a different principle has been recognized and established. On the other hand, the counsel for the plaintiffs has cited several cases to sustain the principle, that notwithstanding the special contract, this action is maintainable. Some of them seem to have but little application. Thus in the case of *Gibbs* v. *Bryant*, it appeared that the plaintiff had signed a note for a debt due from the defendant to a third person, and received from the defendant a written promise of indemnity. Having paid the note, he sued the defendant for the amount, declaring on *indebitatus assumpsit* for money paid. The court sustained the action on the ground that the written contract of indemnity was nothing more than the law would imply. So in *Linningdale* v. *Livingston*, the court said the special contract was put an end to. So in *Goodrich* v. *Lafflin*, the parties had made an agreement by which the plaintiff was to furnish for the defendant a number of step stones, who was to pay for them a

certain sum ; one half of it in *money* and the other half in *goods,* a part of the goods had been delivered by the defendant, for the value of which he had sued the plaintiff on *indebitatus assumpsit.* *Goodrich* then brought a similar action, declaring in the same manner for the value of the stones : and he was permitted to recover, the Court saying " both parties have departed from the special contract." In *Baylies & al.* v. *Fettyplace, Sewall J.* in delivering the opinion of the Court, says, " certainly a general *indebitatus assumpsit* for the balance in controversy might have been maintained by proving a sale of sugars for money, and an agreement that a part of the sum should be paid in debentures, if delivered in four months — supposing the time elapsed and the debentures not delivered when the action was brought." The case of *Keyes* v. *Stone,* is more direct in favor of the plaintiff. *Parsons, C. J.,* delivering the opinion of the Court, and alluding to that of the Court below, which they reversed, says, " such was formerly holden to be the law ; and the case of *Weaver* v. *Burroughs,* (2 *Str.* 648) before *Lord Raymond,* is an authority to that purpose. " This," *Lord Mansfield* observes, " was the rule when it was the fashion to lay hold of a nonsuit, whenever it could be done." It seems to have been his Lordship's opinion in 1759, when at nisi prius he overruled the case of *Weaver* v. *Burroughs,* as stated in *Keyes* v. *Stone,* " that where the evidence was sufficient to maintain the action on a general count, supposing no special agreement laid, the plaintiff might recover on such general count, although there were a special agreement laid, whether the plaintiff attempted to prove it or not." In the case of *Payne & al.* v. *Bascomb,* the above doctrine in the year 1781, was confirmed and established by the Court of King's Bench. In conformity to this doctrine the case of *Keyes* v. *Stone* was decided, the Chief Justice saying " the modern practice is least expensive to the parties, and most agreeable to the justice of the case : for a judgment on the *general* count would be a bar to an action on the special agreement." See also *Esp. Dig.* 140. The case of *Felton* v. *Dickinson,* is still more explicit and to the point. The Court say, " where there has been a special agreement, the terms of which have been performed, so that nothing remains but a mere duty to pay money, there seems

to be no reason why a *general count* should not be sufficient for the recovery of a sum due." In the case of *Gordon v. Martin, Fitzg. Rep.* 302, it was decided " that an *indebitatus assumpsit* will not lie upon a special agreement till the terms of it are performed; but when that is done, it raises a duty, for which a general *indebitatus assumpsit* will lie." See also *Miles v. Moody,* 3 *Serg. & Rawle,* 211. In *Porter v. Talcot,* 1 *Cowan,* 359, the Court say, " there is no doubt that where there has been a special agreement, the terms of which have been performed, so that nothing remains but a mere duty to pay money, the money may be recovered on a count in general *indebitatus assumpsit,* without stating the special agreement. In the case of *Bank of Columbia v. Patterson's heirs,* 7 *Cranch,* 299, *Story J.* in delivering the opinion of the Court, says, " we take it to be incontrovertibly settled, that *indebitatus assumpsit* will lie to recover the stipulated price due on a special contract, not under seal, where the contract has been completely executed: and that it is not in such case necessary to declare on the special contract." See also *Mussen v. Price,* 4 *East,* 147; *Cook v. Munstor,* 4 *B. & P.* 351; *Clark v. Gray,* 6 *East,* 564, 569; 2 *Saund.* 350, note 2. This case seems to be precisely like the one under consideration. In the view we have thus taken of the cause and of the ground on which we place our decision, it is at once perceived that the Judge was correct in declining to give the instruction requested, and also in giving those instructions, under which the jury returned their verdict for the plaintiffs. For the reasons given, the motion for a new trial is not sustained, and there must be

*Judgment on the verdict.*