# Harrisburg Specialty Company, to use, v. Reed Stores, Inc.

*Charles G. Baker*, for plaintiff; *K. L. Shirk*, for defendant.

GROFF, J., Jan. 19, 1929.—This is an action of *assumpsit* brought by the Commonwealth Trust Company of Harrisburg, Pa., use-plaintiff, to recover from the defendant, Reed Stores, Inc., the sum of $2633.23 balance due on a book account, which was assigned to plaintiff by the Harrisburg Specialty Company by a writing dated March 27, 1928.

The defendant, instead of filing an affidavit of defense to the merits, files an affidavit of defense raising questions of law. We think there is no virtue in any of the questions raised by the affidavit of defense.

The principal question that defendant raises is in the second paragraph of his affidavit.

"Plaintiff's statement avers an action by the assignee of a book account, claimed on an assignment, which is shown to be as collateral security for a loan, and avers that the assignment is as collateral as shown by Exhibit "E" attached to plaintiff's statement, without any averment that recourse has been had against the principal debtor and the loan proven uncollectible."

The assignment, a copy of which is attached to plaintiff's statement and marked "Exhibit D," shows that the assignment from the Harrisburg Specialty Company, Inc., to the use-plaintiff, is an absolute assignment, and whether it is or not could make no difference in this proceeding.

It has been the well-settled law in Pennsylvania for at least 100 years that the holder of collateral security for a debt may proceed to collect his debt from the collateral without first resorting for the payment to the original debtor: Lishy *v.* O'Brien, 4 Watts, 141.

In Provident Life and Trust Co. *v.* Gratz, 271 Pa. 133, in the opinion, at page 139, the court says this: "The holder of a collateral note may, at his option, sue upon the note without attempting to realize upon the collateral (Harper *v.* Lukens, 271 Pa. 144), or proceed upon the collateral without taking action upon the note: Lishy *v.* O'Brien, 4 Watts, 141. The agreement as to the collateral authorizes, but does not compel, the company to collect the loan out of the policy in case of default. 'The collateral security stands by the side of the principal promise as an additional or cumulative means for securing payment of debt.' "

A book account is not like a chattel that is held as collateral security and which must be sold and the proceeds applied to the original debt, but it is such a chose in action that suit can be brought upon at once, and plaintiff, therefore, had a right to proceed in the collection of the same under the authorities above cited: Trust Co. *v.* Haser, 199 Pa. 17; Union Trust Co. *v.* Rigdon, 93 Ill. 458; Stegmaier *v.* Keystone Coal Co., 225 Pa. 221.

Whether the original debt was paid or not, assuming that this assignment is collateral, is not a question involved in this case, either directly or indirectly. Whether the plaintiff, if it should recover the whole amount of its judgment, should be permitted to retain the same is not a question that

380

involves the defendant in any manner whatsoever. If the book accounts are held simply as collateral, and that was the understanding between the pledgor and pledgee, the plaintiff will have to account as trustee to the assignor or any other legal claimant for the surplus profits. This will be an entirely different proceeding if there is a liability to account.

We, therefore, decide the questions of law raised in the affidavit of defense against the defendant and direct it to file an affidavit of defense on the merits within fifteen days from the filing of this opinion.

From George Ross Eshleman, Lancaster, Pa.