Mr’Justice M’Lean
 

 delivered’ the opinion of the Court
 

 This-ease -is -brough t before' this court,' by writrof error to the -"eircaif court for the District of Columbia.
 

 The defendants here, who were plaintiffs in the circuit court, commenced an action of assumpsit to recover a large, sum alleged to be due, for the construction of certain locks, &c. from the Chesapeake and Ohio Canal Company; and filed their declaration, containing nine general cpunte'of indebitatus assumpsit, for work done and materials found, money laid out and expended, an account stated, &c.; and the defendants pleaded the general i,ssue. On the trial, several exceptions were taken to the ruling of the court, by the plaintiffs ; and one.exception was taken' by the defendants, which presents the, points for decision on the present writ of error.
 

 The following is the instruction referred to. “ In the further trial of this cause, and after the evidence and instructions stated in the preceding bills of exceptions had been given, and after evidence offered by the plaintiffs, of the payment of moneys.to the labourers for the time during the detention, occasioned by the want of cement -on locks 5 and 6, the plaintiffs, by their counsel, prayed the court to instruct the jury, that if the jury believe, from the said evidence, that the defendants had, on the. 2d of September IS29, and from that time till the 20th day of January 1830, contracted with (he plaintiffs to furnish
 
 *563
 
 them with, cement necessary, &c., in due time, &c„ and tlint thé plaintiffs,'expecting that sufficient supplies of cement to go on with the work.-would be furnished by the defendants, as defendants had .so engaged to do, hired a large number of hands, and brought them to the locks; and when the defendants had so failed to furnish the cement, kept the same hands' idlp, waiting for cement, ton the defendants’ desire that they should do so in order to be ready to got on with the work; and paid them their-wages: while so waiting: then the plaintiffs are entitled,.under the- count for money laid out and expended,' contained in the declaration, to recover the money so paid to said hands, during such periods. But that the plaintiffs are not entitled to recover for wages paid to their workmen, on account of a deficiency of cement, after the said 20th day of January 1830; unless the jury shall be • satisfied by the. said evidence, that the said resolution of the board of directors, of the 20th of January. 1830, was rescinded by the said board, and a new contract entered into thereafter by the defendants, to furnish cement to the plaintiffs, and the subsequent failure on their, part so to furnish it, and an agreement also to pay for the wages of the plaintiffs’ workmen while so wafting,” &c.
 

 The. resolution referred to in the bill of exceptions, is in the words following;
 

 “Resolution of the Board,of Directors of the Canal Cofn-pany in iheeting January 20th 1830. Resolved, that although this board lias stipiilaled to supply the contractors with water lime, yet the board will no.t be held responsible for any damages arising from, the want of that article.” '
 

 A bill of particulars wak filed by (lie plaintiffs under the order of the court; and in which bill, the following item is charged. “Detention and damage sustained, for want Of dement in locks No. 5 and 6 — 6Ó0 dollars.”
 

 This case has been ably argued oil both sides, and the questions involved in it are Of much practical importance.
 

 The counsel for the plaintiffs in errot‘ object to the bill of particulars, and insist that the above item.for damage for want of cement, &c. is not sufficiently specific, as it does not apprize the defendants of all the ’facts on which the charge for damage is made. It. does not’state how the damage was sustained by the plaintiffs, and on- wha.t ground an indemnity
 
 *564
 
 was claimed of the defendants. A bill of particulars, it is'contended, when demanded, becomes a part of the declaration; • and with the exception of certain averments, it should contain • equal certainty.
 

 There can be no doubt that a bill of particulars should be so specific, as to. inform the defendant,'substantially, on whát the plaintiff’s. action is founded. This is the object of the bill, and if.it fall short of this, its tendency must be to mislead the defendant, rather than to enlighten him/
 

 As-the bill of particulars is filed before the trial, it is always in the power of the defendant to object to its want of precision, 'find the court will require it to be amended before the commencement of the trial,' And if this be not the only mode of taking advantage of .any defect in the bill, in practice it is. certainly the most convenient for the parties. ‘
 

 In 4 Taun. 188, the. court of common pleas say substantially, “if a bill of particulars- specifies the transaction upon which the plaiutiff’s claim arises, it need not specify the technical desorption of the right which-results to the plaintiff out of that' -t ransaction, ”
 

 In that case the plaintiff declared for goods sold and delivered, and for money
 
 paid;
 
 and delivered to the defendant a bill of particulars: viz. “To 17 firkins of butter, 55 pounds 6 shillings: not saying for goods sold.”
 

 The co.urt decided that the action could be sustained on the .count for money paid. And they remark, as to the objection taken respecting the bill of particulars, bills of “ particulars are •not to be construed with all-the strictness of declarations : this bill of particulars has no reference to any counts, and it sufficiently expresses to the defendant,' that the plaintiff’s claim arises on account of the butter.”
 

 And we think, in the present case, that although the bill of particulars does not specify technically and fully the grounds on which the plaintiffs claim damages ; .yet, in the language of the above case, it sufficiently expresses to the defendants, that the claim arises for Want of cement in-locks No.
 
 5
 
 and 6.
 

 But the ground on which some reliance seems to be placed for the reversal of this judgment, and which, in the view of the court, is one of the principal points presented by the record, is, that the jury were instructed to find for the plaintiffs below, on
 
 *565
 
 •proof of a special contract, and under a declaration containing only general, counts.
 

 .By the instruction of .the court, if the jury found, from the' evidence, that the contract had been made by the defendant's, as stated, and that the money bad been paid to the hands detained for want of cement, the plaintiffs were entitled to á verdict' on the count for money laid out and expended.
 

 . 'In the argument,, it was contended, that there was no legal proof of the .special contract. That a corporation can only contract-within tire terms of its charter, and that there does not appear to have been any action of the board, sanctioning the contract as insisted on by- the plaintiffs.
 

 The ancient doctrine, that a corporation can act in matters of contract only under its seal, has been departed from by mod-, ern decisions ; and it is now considered, that the agents of a corporation may in many cases bind it, and subject it to an action of vassumpsit. But it is unnecessary to examine either the. ancient or modern doctrine on this subject; for as no exception, was taken to the evidence which conduced to prove a special contract in the court below, the objection cannot be raised in this court.
 

 There can be no doubt, th.at where the special contract remains open, the plaintiff’s remedy is .on the contract; and he must set it forth specially in his declaration. But if the contract has been put an end to, the action for money had and received, lies to recover any payment, that has been made under it. , The case of Towers v. Barrett, 1 Term Rep. 133, illustrates very clearly and fully this doctrine. In that case, the'pi aim tiff recovered, on a count for money had and received, ten guineas paid to the defendant for a one horse chaise and harness, which were to be returned on condition the plaintiff’s wife .should not approve of the purchase, paying 3 shillings and 6 pence per diem for the hire, should they be returned: and as the plaintiff’s wife did not approve of the purchase, they were returned, and'the hire was tendered at the same time. “But if the contract-remain open, the plaintiff’s demand.for damages' arises out of it, and then he must state the special contract, and the breach of it.”
 

 It is a well settled principle, where .a special contract has been performed, that a plaintiff' may recover on the general
 
 *566
 
 counts. This principle is laid down by ’this court, in the case of' the Bank of Columbia v. Patterson’s administrators, 7 Cranch 299, 2 Cond. Rep. 501. In that case, the court say : “ we lake it to be incontrovertibly settled, that indebita-tus assumpsit will lie to recover the stipulated price due on-a special contract not under seal, where the contract has been executed; and that it is not, in suclr case, necessary to declare upon the special agreement.”
 

 It would be difficult to find a case more analogous in principle to the one under consideration, than the above. The same questions, as to the right of the plaintiff to recover on the general counts, where the special agreement was performed; and also,’ as to the powers of a corporation to bind itself, through the instrumentality of agents ; were raised and decided in that case, as are made in this one. And it would seem, where this court had decided the point in controversy, and which decision had never afterwards been controverted, that 'the. question is not open for argument. But whether this doctrine be considered as established by the adjudications of this court, or the sanction of- other courts, it is equally clear that no principle involved in the action of assumpsit, can be maintained by a greater force of authority.
 

 In 1 Bacon’s Ab. 380, it is laid down, that “ wherever the consideration on the part of the plaintiff is executed, and the -thing tó be done on the defendant’s part is mere payment of a sum of money due immediately; of where monéy is paid on a Contract which is rescinded, so that defendant has no right .,to retain it: this constitutes, a debt for which the plaintiff may declare in the general count; - on an indebitatus assumpsit. Anciently, the- count in such cases was special, stating the consideration as executory, the promise, the plaintiff’s performance, And the defendant’s breach; but the indebitatus has grown, by degrees, into use.”
 

 “So also if goods are sold- and actually delivered to the defendant, the price, if due in money, may be recovered on this count; and tins though the price is settled by third parties.” 1 Bos. and Pull. 397 ; 12 East 1. “ Wherethe plaintiff let to the defendant land rent free, on condition that the plaintiff should’ have a moiety of the crops ;’and -while the crop of the second year was on the ground, it was appraised for both.
 
 *567
 
 parties and taken by defendant: it was held that the plaintiff might recover his'moiety of the value in indebitatus assumpsit, for crops, &c. sold : for by the appraisement, die special agreement was executed, and a price fixed at which the de-fendí. -t bought, the plaintiff’s moiety.”
 

 The same principle is found in Helps and another v. Winterbottom, 2 B. and A. 431 ; Brooke v. White, 1 New Rep. 330; Robson v. Godfrey, Holt 236 ; Heron v. Glonger, 5 Esp. 269; Ingram v. Shirley, 1 Stark. 185; Forsyth v. Jervis, 1 Stark. 437; Harrison v. Allen, 9 Moore 28; Bailey v. Gouldsmith, Peake 56; Gandall v. Pontigny, 1 Stark. 198; Farrar v. Nightingale, 2 Esp, 639; Riggs v. Lindsay, 7 Cranch 500, 2 Cond. Rep. 585; James et. al. v. Cotton, 7 Bing. 266; Administrators of Foster v. Foster, 2 Binn. 4; Lykes v. Summerel, 2 Browne
 
 227.
 

 As, by the instruction of the court, the jury must have found the contract executed by the plaintiffs below, before they rendered „a verdict in their favour; we think the question has been.settled by the 'adjudged cases above cited ; and that on this point there is no error in the instruction .of the court.
 

 But it is insisted, that, in their instruction,, the court lay down certain facts, as proved, which should have been left to the jury. If this objection shall be sustained, by giving a fair construction to the language of .the court, the judgment must be reversed ; for- the facts should ■ be left with the jury, whose peculiar province it is to weigh the evidence, and say what effect it shall have.
 

 The instruction states, “ that if the jury believe from the said evidence, that the defendants had on, &c. contracted with the plaintiffs, expecting that sufficient supplies of cenrent to go on with the wprk would- be furnished by the defendants,
 
 as' defendants had so engaged to. do,
 
 hired a large number of hands and brought them to the locks, and,
 
 when.the defendants had so failed to furnish the cement,
 
 kept the said hands,” &c.
 

 The words italicised are those-objected to, as assuming the facts stated to be proved, and consequently superseding an inquiry into those facts by the jury.
 

 If. must be observed, that in the first part of the instruction, the. jury were told, “that if they believe from the said evidence, that the defendants liad contracted with the plaintiffs to furnish
 
 *568
 
 them with cement necessary,. &c. inr due time, &c. and the plaintiffs expecting that the cement would be furnished,
 
 as defendants had so engaged tó do, tpc.
 
 making the words italicised to depend upon proof-of the contract, viz. the furnishing of the cement in due time, as stated.in the bill of exceptions; it would, therefore seem to be clear, that these words could not have withdrawn from the jury any fact, as they were made to depend on the establish merit of the contract by the finding of the jury. And the same remark applies to the other words objected to ; that is, when
 
 “the defendants had so failed to furnish the cement;”
 
 for these words could, have had no influence with the jury, unless the evidence, by their finding, not" only established the contract to deliver the cement, but also showed a failure by the defendants to deliver it.
 

 It therefore appears, that the words objected to in the instruction,' when viewed in connection with its scope and, the language used, did noUissume facts by which the jury could have been, misled ; but stated them as resulting from the finding of the'jury, that'the contract had been made and broken by the defendants, as hypothetically stated in-the instruction.
 

 It is objected, that there ivas, no' evidence in the case, conducing to prove the facts on which the above instruction was founded.
 

 The court ought not to instruct, and indeed cannot instruct on the sufficiency of evidence ; but no instruction should be given, except upon evidence in the case. Where there is evi-dehce on the point, the court may be called on to instruct the jury as to the law, but it is for them to determine on the effect of the evidence.
 

 In the present case there was evidence, which' was not objected to, conducing to prove the contract, hypothetically stated in the instruction ;• and in such case, whatever ground there might have .been for a new trial, there is none for the reversal ■ of the judgment.
 

 The instruction was limited to the damages sustained by- the plaintiffs, for a failure to deliver cement by the defendants, for the construction of locks numbered five and six; and as the bill of particulars-charges the damages thus sustained at 600 dollars only, and the damages assessed by the jury amount to the sum of 20,707 dollars and 56 cents, it is contended by the
 
 *569
 
 counsel for the plaintiffs in error, that on these facts the judgment should.be reversed.
 

 In the course of the. trial' twelve bills of exceptions were taken by the plaintiffs to the .rulings of the court on the various points raised; but these exceptions are not' now before the court for decision. . It is insisted, however, .that although tire questions of law raised by these exceptions are .not before lire court; yet.the facts,.in regard to the evidence which is shown by the exceptions, are beforelhem, and should be considered; i.n reference to the point now under examination.
 

 In the eleventh ’bill of exceptions, after’certain prayers by the plaintiffs’ counsel, which were refused by the court, ■ the defendants, by their counsel,, “prayed the court to instruct the jury, that the plaintiffs are not entitled to recover damages under either of the counts in the declaration in this- cause, by reason of any failure on the part of the defendants to .deliver cement to the plaintiffs -for the prosecution of' their work on the locks contracted to be built by them; which the court gave as prayed.”
 

 And in the twelfth exception-they gave a similar instruction, on the prayer of the defendants.
 

 From these exceptions, and others taken by the plaintiffs below, and the bill of particulars, it is. contended, that it suffi-ciéntly appears there wad no evidence before the jury.under the instructions of the court; except that which conduced to show the amount of damages sustained by the plaintiffs, for the want of cement in the construction of locks five áñd six.
 

 If it were proper to look into the exceptions of the plaintiffs below to ascertain this fact, there would still be no difficulty in overruling the objection ; for the instruction given on the prayer of the plaintiffs below, and excepted to by the defendants,, and which is the error complained of, may be reconciled with the other exceptions, on the-ground that additional evidence'was heard by the jury before the instruction was given.
 

 ■But if this were not the case, it would afford no ground for the reversal of the judgment of. the circuit court.
 

 Whether the court erred or not in refusing to give the various instructions prayed for by the plaintiffs below, is not now a subject of inquiry. It may be admitted that they did err, so that if the verdict had not been satisfactory to the
 
 *570
 
 plaintiffs, they might have reversed the judgment on a writ of error yet-the evidence on whicli those instructions,were refused, remained in the-causé for the action of the jury. And as- additional evidence was given, as appears by the exception of-.the defendants below-; the-cause was submitted to the jury upon-the whole'evidence.
 

 Whether the jury assessed the damages on account of the injury sustained by the plaintiffs, for the want of cement in the construction of locks, other than those numbered five and six, or on account of other items stated, in the bill of particu-. lars-; it is; impossible for this court to determine..' If the jury failed .to observe the instructions of the court, or found expes-. sive damages, the only remedy for the defendants was by a motion for a new trial. .-As the case now stands, we are limited to the. legal questions which arise from the instruction given on the prayer of the plaintiffs, which was excepted to by the defendants, and on which this writ of error has been brought. And as it appears from the views already presented,- that the circuit court in giving this instruction did not err, the judgment bélow must be affirmed with costs.
 

 , This cause came on to be heavd on the transcript of the record from the circuit court of the United States for the District of Columbia holden in and for the'county of Washington, and was argued by counsel; on consideration whereof,.it is ordered and adjudged, by this court, that the judgment of the said circuit court in this cause be, and the same is hereby affirmed, with costs and damages at the rate of six per centum per annum.'