## LONDREGON *against* CROWLEY.

Where there has been a special contract for personal services, and the work has been performed according to the contract, the plaintiff, although he has declared on the special contract, and failed in his proof by reason of a variance, may recover on the general counts of *indebitatus assumpsit* and *quantum meruit.*

But if the work has been done under a special contract, which has not been

fulfilled on the part of the plaintiff, he can recover neither upon a special count, nor upon the general counts.

THIS was an action of *assumpsit.* The declaration contained three counts. The first was special, alleging, That on the 24th of *February,* 1837, by a certain agreement made by and between the plaintiff and defendant, it was agreed, that the plaintiff should build a certain addition to the dwelling-house of the defendant, in the city of *New-Haven,* according to the particulars and in the manner following, *viz.* The addition, at its base, was to be eighteen by twenty feet, and to be twelve feet in height; the roof to be boarded and shingled, and the sides to be covered with clapboards; two floors to be laid, and one flight of stairs to be erected; three pannel and two batten doors; the space on the first floor to be divided into three rooms, by partition studs, ready for lathing; the doors to be cased and hung. All the said carpenter's and joiner's work was to be performed by the plaintiff, the defendant purchasing and procuring all the materials ready for the plaintiff to perform the said work, which was to be done in a plain style, corresponding with the workmanship of the said dwelling-house: that the defendant then and there agreed with the plaintiff, to pay him therefor, the sum of fifty-five dollars. This count then proceeded to allege the performance on the plaintiff's part, and a breach on the part of the defendant.

The second count was *indebitatus assumpsit* for work and labour; and the third, a *quantum meruit.*

The cause was tried at *New-Haven, January* term, 1838, before *Waite,* J.

On the trial, the plaintiff claimed to have proved, that in the *Spring* of 1837, he had been employed, by the defendant, to perform certain joiner's and carpenter's work in building an addition to the defendant's dwelling-house, in the city of *New-Haven ;* that he had built such addition; and that the defendant had taken possession of it, without making any objection to the work; and that before the commencement of this action, the defendant was, and still is indebted to the plaintiff, for such work. The defendant claimed to have proved, that the person employed by him to do this work, was not the plaintiff, but *William Londregon,* the plaintiff's son ; and that he had paid the latter in part. He also claimed, that the evi-

*New-Haven,*
*July, 1838.*

Londregon
*v.*
Crowley.

dence introduced by the plaintiff was variant from the first count in the declaration ; that the plaintiff had done the work unskilfully ; and that he had never finished it. The defendant thereupon prayed the court to instruct the jury, that the evidence offered by the plaintiff could not be received at all, under such a declaration : that the evidence was variant from the first count ; and the plaintiff could not recover upon either of the counts ; and in case there was a special agreement different from that proved, which was performed, there could be no recovery, except upon the *quantum meruit* count ; and the plaintiff could not recover at all, if he had contracted to do the work, and had not fulfilled his contract, by finishing the work.

The court instructed the jury, that it was necessary for them, in the first place, to determine whether the plaintiff or his son had been employed to do the work ; and if the latter, the plaintiff could not recover : that the plaintiff could not recover on the first count, if they should find a contract variant from the one therein stated ; nor upon the third count, if they should find there had been a stipulated price for the work ; nor upon either count, if they should find that the work had been done under a special contract, and had not been completed according to the contract, or the contract had not been faithfully fulfilled on the part of the plaintiff. But if they should find that a contract had been made different in terms from that stated in the first count, and that the contract had been performed and the work completed on the part of the plaintiff, before the commencement of this suit, they might return a verdict for the plaintiff, upon the second count ; and in case they should find that the plaintiff had been employed to do the work, and it had been done by him, and no price had been agreed upon, they might give him a verdict upon the second and third counts for what they should find he reasonably deserved to have.

The jury returned a verdict for the plaintiff upon the second and third counts ; and the defendant moved for a new trial for a misdirection.

*Mix,* in support of the motion, contended, 1. That the court should have charged the jury, that the plaintiff could not recover at all on either count, if the special contract proved to

have been made, was variant from that set up in the first count; because he can sustain a proper count on his special agreement in fact made. 1 *Chitt. Plead.* 298, 9. 2 *Stark. Evid.* 96, 7, 8. *Rosc. Evid.* 221. 1 *Sw. Dig.* 682, 3, 4. *Cutter* v. *Powell*, 6 *Term Rep.* 320. *Willoughby* v. *Raymond*, 4 *Conn. Rep.* 130. *Ellis* v. *Hamlen*, 3 *Taun.* 52. *Culver* v. *Barnet*, 1 *Tyler*, 182. The court should have decided, that in any event, the *quantum meruit* count was the only common count, if any, for the plaintiff to recover on. 1 *Sw. Dig.* 684.

New-Haven, July, 1838.

Londregon
v.
Crowley.

2. That the court should have charged the jury, that if the work contracted for or undertaken was left unfinished, the plaintiff could not recover on either count. The language of the charge is not so. 1 *Sw. Dig.* 683.

*Flagg*, contra, contended, 1. That although the plaintiff declares on a special agreement and also on an *indebitatus* or *quantum meruit*, and fails to prove his special count, he may give proof on his general counts and recover, the work being done or the value proved. 1 *Sw. Dig.* 682, 3, 4. *Lawes' Assump.* 3, 4, 5. 1 *Selw. N. P.* 64, 5. 1 *Chitt. Plead.* 372. (new ed.) 2 *Stark. Ev.* 96, 7. 1 *Dunlap's Prac.* 270, 1. *Robertson* v. *Lynch*, 18 *Johns. Rep.* 451.

2. That the jury, under the charge given them, have found that the work was done by the plaintiff; and therefore, entire justice has been done. Consequently, a new trial will not be granted, even if the charge upon a technical point of law, was not correct. *Johnson* v. *Blackman*, 11 *Conn. Rep.* 342. 358, 9.

WAITE, J. The defendant in this case claims, that if the work was performed under a special contract, variant from that stated in the first count in the declaration, the plaintiff cannot recover, either upon the first count, by reason of the variance, or upon the others, because they are general. The rule upon this subject is very correctly stated by Mr. *Chitty*, one of the most accurate of the elementary writers upon law. " With respect to debts for work and labour or other personal services, it is a rule that however *special* the agreement, if it was not under seal, and the terms of it have been performed on the plaintiff's part, and the remuneration was to be in

money, it is not necessary to declare specially, and the common *indebitatus* count is sufficient." 1 *Chitt. Plead.* 332. And it is also settled, that the plaintiff is entitled to recover on the general count, where the work has been performed, although he has declared on a special agreement, and failed in the proof. 3 *Stark. Evid.* 1762. 1 *Selw. N. P.* 82. In the case of *Alcorn* v. *Westbrook*, 1 *Wils.* 117. *Dennison*, J., says, if a man agrees to built for another a house, and afterwards builds it, in this case he has two ways of declaring, either upon the original *executory* agreement, as to be performed *in future*, or upon the *indebitatus assumpsit* or *quantum meruit*, where the house is actually built and the agreement executed. 1 *Selw. N. P.* 83.

*Gibbs*, C. J. in the case of *Robson* v. *Godfrey* & al. said : " I have always understood the rule to be, that unless there be something in the terms of the special agreement, which either by express stipulation or necessary intendment, precludes the plaintiff from recovering for work and labour generally, he is entitled, after the contract has been executed, to maintain an action for work and labour done generally. It is every day's experience that a party may recover on the general counts for work and labour done under a special contract." 1 *Holt's N. P. Ca.* 236. *S. C.* 1 *Stark. Rep.* 275. 277.

The supreme court of the *United States*, in the case of *The Bank of Columbia* v. *Paterson*, say : " We take it to be incontrovertibly settled, that *indebitatus assumpsit* will lie to recover the stipulated price due on a special contract, not under seal, where the contract has been completely executed ; and that it is not in such case necessary to declare upon the special contract." 7 *Cranch*, 299. And again, in the case of *The Chesapeake and Ohio Canal Company* v. *Knapp* & al., after repeating the rule as laid down in the preceding case, they add : " Whether this doctrine be considered as established, by the adjudications of this court, or the sanction of other courts, it is equally clear, that no principle involved in the action of *assumpsit*, can be maintained, by a greater force of authority." 9 *Peters* 566.

These authorities shew, most conclusively, that, upon well established principles of the common law, if the plaintiff has performed the work, according to the terms of the contract, he may recover upon the general counts for work and labour

done; and that the addition of a special count setting forth *New-Haven,*
*July,* 1838. a contract different in terms from the one proved, will not affect his right to recover upon the general counts.

Londregon
*v.*
Crowley.

It has, however, been supposed, that the decision in the case of *Russell* v. *South Britain Society,* 9 *Conn. Rep.* 508. conflicts with the law of this case. But upon an examination of the two cases, it will be found, that they are materially different, and are decided upon different principles. There the plaintiff had subscribed to a fund for the support of the gospel ministry, which was to be managed by the society, in a certain specified manner. The plaintiff paid the amount of his subscription ; and the fund was received by the society, and managed by them, for a number of years, until the principal part was lost, by the failure of a bank. The plaintiff then brought his action against the society, and having failed to prove those counts in his declaration which set forth the contract made by the society, claimed to recover back the money paid, under the general count for money had and received. The court decided, that the plaintiff could not recover, upon the ground that the contract had not been rescinded by the defendant, but remained an open subsisting contract. The court did not intend to establish any new principle, but expressly referred to a *rule well settled,* and to a decision of Lord *Mansfield,* and to a subsequent decision of the court of *King's Bench* in support of it. The rule that governed in that case, is thus stated by Mr. *Chitty :* "Where a payment has been made on a contract, which has been put an end to; as where, either by the terms of the contract it was left in the plaintiff's power to rescind it, and he does so, or where the defendant afterwards assents to its being rescinded, the general count may be supported; but if the contract continue open, as it is technically termed, he can only recover damages, and must declare specially." 1 *Chitt. Plead.* 342.

The same rule was explicitly recognized, by the supreme court of the *United States,* in the case cited from *Peters'* reports. They there say, that there can be no doubt that where the special contract remains open, the plaintiff's remedy is on the contract, and he must declare specially. They afterwards add : " And it is a well settled principle, that when a contract has been performed, a plaintiff may recover on the general counts."

*New-Haven,*
*July, 1838.*

Londregon
*v.*
Crowley.

They thus recognize both rules as well settled and undoubt-ed, and not at all inconsistent with each other.

The court, in the case cited from *Connecticut* reports, were of opinion that, as the money was paid upon a contract that remained open and unrescinded, the plaintiff was entitled only to damages for the non-fulfilment of that contract ; and must, therefore, declare specially.   In the case under consideration, the plaintiff having performed his contract, seeks to recover a compensation for his services—a debt due from the defendant for the labour performed.   And if he has actually performed the labour according to the contract, there is nothing to prevent his recovering upon the general counts.

It is also claimed by the defendant, that the plaintiff could only recover upon the *quantum meruit* count, if the work was done under a contract different from that stated in the special count.   If this were so, it is difficult to see how that would furnish any ground for a new trial, as the jury have found a verdict upon that count in favour of the plaintiff ; and it does not appear from the motion, that damages have been assessed differently from what they would have been, had the verdict upon both the other counts been in favour of the defendant. But the rule upon this subject is, that under an *indebitatus* count the plaintiff may recover what may be due him, although no specific price was agreed upon.   And where that count is inserted, the *quantum meruit* count is generally unnecessary. 1 *Chitt. Plead.* 327.

It has been further said, that the court should have charged the jury, that if the work was left unfinished, the plaintiff could not recover upon either count.   This, we think, sufficiently appears from the charge stated in the motion.   The instruction is, that if the work had been done under a special contract, and had not been completed according to the contract, or the contract had not been fulfilled on the part of the plaintiff, he could not recover upon either count.   Clearly, nothing more could be necessary.

For these reasons, we think there ought to be no new trial ; and so we advise the superior court.

In this opinion the other Judges concurred.

New trial not to be granted.