## CRAIG *v.* PARISH.

---

PLEADING; BILLS OF PARTICULAR; ASSUMPSIT.

1. In complying with an order requiring the plaintiff to furnish a bill of particulars in an action based upon a contract by the defendant's testator to pay the plaintiff's intestate a specified percentage of his recovery on a government claim, "in return for pecuniary and other aid rendered to me," it is sufficient for the plaintiff to show that services were rendered and money advanced which formed a part of the consideration named in the contract, irrespective of the value of the services and the amount of the advances, as the contract was contingent and the parties fixed the value of the services, including the pecuniary aid rendered, at the percentage mentioned. (Mr. Chief Justice Shepard dissenting.)

2. The plaintiff is not required to state or disclose his evidence, such as letters and memoranda, in his bill of particulars.

3. Where the defense to an action based upon a contract by the defendant's testator to pay to the plaintiff's intestate a percentage of

the recovery on a government claim, in return for pecuniary and other aid rendered, is that the services were rendered and the advances made to aid in the prosecution of the claim by the plaintiff's intestate at a time when he was in government employ, the plaintiff cannot be required to set out in his bill of particulars facts negativing such defense.

4. The action of assumpsit is equitable in its character, furnishing a remedy highly favored by the courts, and a liberal rule will be applied in the matter of requiring particulars of demand, especially where both parties to the promise sued on are dead.

5. In general, a bill of particulars is sufficient if information of the nature of the plaintiff's claim is given with sufficient certainty so that the defendant will not be misled or deceived on the trial.

6. *Quære,* whether defects in a bill of particulars can be urged by the defendant after he has pleaded to the merits, or after the cause has been remanded by the appellate court for retrial, and not for dismissal, for failure to file an additional bill of particulars.

No. 2706.    Submitted December 10, 1914.    Decided April 19, 1915.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia in favor of the defendant, entered after the failure of the plaintiff to comply with two orders requiring an amended bill of particulars to be filed.          *Reversed.*

The COURT in the opinion stated the facts as follows:

Annie F. Craig, administratrix of the estate of Samuel Ramsey, brought this action against Emily E. Parish, executrix of the will of J. W. Parish, to recover an amount equal to 5 per cent of a certain claim allowed by the United States government to J. W. Parish for ice furnished in the year 1863.

It is alleged that Parish, on October 9, 1900, agreed to pay Ramsey, in consideration of pecuniary and other aid rendered to Parish, an amount equal to 5 per cent of the gross sum that should ultimately be awarded on said ice claim. In May, 1909, the government awarded Parish the sum of $181,358.95, and the amount claimed is 5 per cent of the award, or $9,067.94. The declaration also contains the usual common counts for work

done and materials furnished and for money had and received. For particulars of demand, plaintiff stated the sum equal to 5 per cent of the Parish award, $9,067.94, with interest from June 15, 1909, and by amendment of the particulars of demand, among other things, set up the following contract:

October 9th, 1900.

*To Whom It May Concern:—*

In return for pecuniary and other aid rendered to me, I promise to pay to Samuel Ramsey, of Washington city, District of Columbia, his heirs and assigns, an amount equal to 5 per cent of the gross amount ultimately allowed by the United States on my claim now pending in Congress, which is based upon a contract for furnishing ice to the army in the year eighteen hundred and sixty-three (1863).

J. W. Parish.

Witnesses:
    J. H. McGowan,
    Arthur N. Marr.

Defendant pleaded non assumpsit, statute of limitations, and usury. The case went to trial, resulting in a verdict for plaintiff in the full amount claimed. On motion, the court vacated the verdict, and ordered a new trial. A second trial was had, which resulted in another verdict for the full amount. From the judgment thereon, defendant appealed to this court, where the judgment was reversed. *Parish* v. *Craig,* 40 App. D. C. 138.

When the cause was remanded for a third trial, the court, in response to a motion of the defendant, ordered plaintiff to file an additional bill of particulars. Plaintiff complied with the order, but was confronted shortly by a similar motion and order, to which he responded by filing the following:

"Now comes the plaintiff and presents this bill of particulars in compliance with the order of court made herein, and asks that the same be taken as the amended bill of particulars in this cause, and be attached to the declaration as such in place of

the particulars of demand and additional bill of particulars hitherto filed.

"The plaintiff's bill of particulars is as follows:

"(1) The sum claimed by the plaintiff is as follows:

"1909.

"June 15. To a sum equivalent to 5 per cent of $181,358.95, being the gross amount allowed upon the J. W. Parish claim against the United States, due according to the agreement of October 9, 1900, hereinbefore set forth ........$9,067.94

"Interest, from June 15, 1909.

"(2) A true and exact copy of the contract in writing, referred to in plaintiff's declaration and attached to her declaration, as follows:

"October 9th, 1900.

"*To Whom It May Concern:*—

"In return for pecuniary and other aid rendered to me, I promise to pay Samuel Ramsey, of Washington city, District of Columbia, his heirs and assigns, an amount equal to 5 per cent of the gross amount ultimately allowed by the United States on my claim now pending in Congress, which is based upon a contract for furnishing ice to the army in the year eighteen hundred and sixty-three (1863).

"J. W. Parish.

"Witnesses:

"J. H. McGowan,

"Arthur N. Marr.

"(3) That the promise in writing set forth in the preceding paragraph hereof was made by said J. W. Parish in consideration of $1,080 in cash advanced to Parish by Ramsey in the year 1900, on or about the following dates:

"September 29, 1900, $180.

"October 26, 1900, $900.

"And as a further consideration plaintiff says that Ramsey performed for Parish certain estimates of the amount due to Parish from the United States under the Parish ice contract,

said estimates being performed late in the year 1899 or early in the year 1900; said Ramsey being competent to make such estimates, which said Parish lacked aptitude to make.

"And as a further consideration said Ramsey, being a friend of said Parish, who was impecunious and without means and sometimes unable to pay for food, did from time to time during the years 1897, 1898, 1899, and 1900 perform kindly services for said Parish and advance to him various sums for that purpose, of which no itemized record in writing is at present in the hands of the plaintiff:

"And that plaintiff further says that no payment by Parish was ever made of the $1,080, nor of the other sums, nor for the estimates aforesaid.

"(4) The plaintiff has evidence in writing of the consideration stated, as follows:

"An admission in writing signed by Parish that advances or moneys advanced by way of loan were made by Ramsey bearing date October 9th, 1900.

"Memoranda in writing of the advance of the several sums stated in paragraph 3 hereof."

Counsel for defendant then filed a motion to *non pros* or dismiss plaintiff's suit, on the ground that she had not set forth a sufficient legal consideration for the promise or contract declared upon in the declaration; that plaintiff failed to file the original, or true and exact copies, of all memoranda in writing of the advance of the several sums of money stated in the bill of particulars, and that she failed to set forth with sufficient clearness the nature, character, and extent of the alleged estimate, which was furnished by Ramsey to Parish as a part of the consideration for said contract. The consideration of the objections above stated will sufficiently dispose of the other matters contained in the motion. On hearing, the court granted the motion, and from the judgment plaintiff has appealed.

*Mr. Chauncey Hackett* for the appellant.

*Mr. Holmes Conrad* and *Mr. Leigh Robinson* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The contract of October 9, 1900, was a contingent agreement to pay a fixed sum upon the happening of a certain event,—the allowance of the ice claim. The consideration therein named was twofold,—"pecuniary and other aid." The consideration is so indefinite that we held on the former appeal that it would not support the presumption of legality, but must be proved. We think the declaration, however, in the light of the foregoing bill of particulars, is sufficient to justify us in directing a trial. The issues are comparatively free from difficulty. Plaintiff has set forth, though in a general way, the pecuniary aid furnished with sufficient particularity, we think, in the light of the proof disclosed in two former trials, to advise defendant of the claims asserted.

As to the services rendered, sufficient is stated in the bill of particulars to apprise defendant of what they consisted. All that is required is proof that the alleged estimates were furnished, and that the services thus rendered formed part of the consideration named in the contract. The contract is contingent, and the parties have fixed the value of the services, including the pecuniary aid rendered, at an amount equal to 5 per cent of whatever sum should be awarded in the ice claim. The court, therefore, is not concerned with any comparison between the amount of money advanced by Ramsey and the value of the services rendered to the sum here involved. A small sum of money advanced to Parish in his extremity might furnish a valid consideration for a security of such problematical value as the one Ramsey received. Hence, this is not a case where the itemized particulars of demand must aggregate to a nicety in dollars and cents the total amount claimed.

The documents, letters, and memoranda called for in the motion of defendant for the amended bill of particulars are matters of evidence within the control of plaintiff to produce or withhold at will. Plaintiff is not required to state or disclose her evidence in the bill of particulars. *Garfield* v. *Paris,* 96 U. S. 557, 24 L. ed. 821. Neither does mere suspicion that

Ramsey furnished information to Parish in aid of the proper and effective presentation of the ice claim against the government at the time Ramsey was in the government service, or within two years thereafter, have any bearing upon the proper disclosure of particulars of demand. The contract on its face purports to have been made long after Ramsey left the government service. The services alleged to have been rendered on the ice claim are stated at a time when Ramsey could legitimately perform such services. Some of the loans mentioned in prior bills of particulars from the dates appear to have been made when Ramsey was in the government service, but there is nothing to prevent a government employee from loaning money to a claimant against the government, so long as it is not furnished to assist the claimant in prosecuting his claim. But whether or not Ramsey violated the statute in this particular is a matter of defense. Plaintiff is not required either to set out in the bill of particulars or prove a negative. Ramsey is presumed to have acted honestly, and it rests with the defense to prove the contrary. Of course, if it could be shown that Ramsey violated the law as to one item, it would so taint the whole contract as to prevent any recovery. *Hazelton* v. *Sheckells,* 202 U. S. 71, 78, 50 L. ed. 939, 941, 26 Sup. Ct. Rep. 567, 6 Ann. Cas. 217.

The action in assumpsit is equitable in character. It is therefore liberal in form and furnishes a remedy highly favored by the courts. In the present case, both of the parties to the original agreement are dead, and, of necessity, the transactions will have to be adduced from evidence more or less indirect in character, consisting largely of documents and memoranda. The inquiry, therefore, partakes much of the character of a disclosure in equity. A liberal rule should be applied in such cases in the matter of requiring particulars of demand. In general, it may be said that a bill of particulars is sufficient if information of the nature of a plaintiff's claim is given with sufficient certainty that the defendant may not be misled or deceived. *Wright* v. *Dickinson,* 67 Mich. 580, 11 Am. St. Rep. 602, 35 N. W. 164; *Hess* v. *Fox,* 10 Wend. 437. It is hardly possible

that defendant, after two trials on issues joined, is in danger either of being misled or deceived as to the nature of plaintiff's claim. Besides, the case on the former appeal was remanded for trial, not for dismissal, for failure to file an additional bill of particulars. Indeed, there is reputable authority to the effect that defects in a bill of particulars cannot be urged after pleading to the merits. *Southern Bldg. & L. Asso.* v. *Price,* 88 Md. 155, 42 L.R.A. 206, 41 Atl. 53. The reason is less apparent for such a proceeding in the face of a mandate directing a new trial.

The judgment is reversed with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.                              *Reversed and remanded.*

Mr. Chief Justice SHEPARD dissenting:

I am unable to concur in the judgment reversing this case.

The claim of Parish for an interest in which this action was brought was against the United States.

Ramsey had been chief clerk in the office of the Surgeon General of the United States, in which the contract with Parish had been made, and from which he resigned in 1894.

By an act of Congress it is unlawful for any employee of the United States during his term of service and for two years thereafter, to render aid to anyone in the prosecution of a claim against the United States.

The declaration of the plaintiff was based upon the contract dated October 9, 1900. The bill of particulars simply stated that Parish agreed to pay plaintiff 5 per cent of the proceeds of the ice contract, which was finally allowed. Said percentage amounted to $9,067.94, with interest from June 5, 1909.

Defendant moved for an amended bill of particulars showing the contract sued on; a correct statement of any pecuniary aid claimed to have been rendered, with the exact character, nature, and extent of the same. Plaintiff filed an amended statement

setting out a copy of the obligations sued on, and stated the following loans or advances made to Parish:

February 14, 1874, $100.

January 20, 1875, $90.

August 9, 1884, $15.

September 29, 1900, $180.

October 26, 1900, $900.

The three first of these items were advanced at a time when the law prohibited any aid to a claimant by an employee of the United States. Only one, that for $180, was made before the execution of the instrument. The last item, dated October 26, 1900, was made after the execution of the contract, and formed no part of the consideration therefor. It may be inferred that the other items were made for aid in the prosecution of the claim from the fact that plaintiff took an assignment of an interest in the claim.

The case was tried by jury and resulted in a verdict for the amount sued for. The judgment thereon was reversed for error in charging the jury that the contract was prima facie evidence of the consideration.

Upon the return of the cause, and in obedience to the order of the court, it became the duty of the plaintiff, either by an amendment to her declaration or by an amended bill of particulars, to make a statement showing that no money furnished Parish or aid furnished him in any way during the term of his service, or within two years thereafter, had been furnished to aid in the prosecution of the said claim before Congress. In order to make this clear defendant was entitled to request a broad statement of the nature of the aid given and the items of money advanced, with their dates, in order that it might be made to appear either that there was or was not a legal consideration for the alleged promise. That this was the purpose of the bill of particulars under our practice is shown in *Moses* v. *Taylor,* 6 Mackey, 255, 277, where the court says: "There is no rule of common law, nor were there any rules of this court, which compelled a plaintiff to file any bill of particulars with his declaration. But it was always the privilege of the defend-

ant to compel the plaintiff to reduce the generality of his common counts to certainty by filing a bill of particulars; and when it was filed under any count, it became, by relation back, a part of the original declaration." See also *Chesapeake & O. Canal Co.* v. *Knapp,* 9 Pet. 541, 564, 9 L. ed. 222, 231, where it was said: "A bill of particulars, it is contended, when demanded, becomes a part of the declaration; and with the exception of certain averments, it should contain equal certainty. There can be no doubt that a bill of particulars should be so specific as to inform the defendant substantially on what the plaintiff's action is founded. This is the object of the bill, and if it fall short of this, its tendency must be to mislead the defendant, rather than to enlighten him. As the bill of particulars is filed before the trial, it is always in the power of the defendant to object to its want of precision, and the court will require it to be amended before the commencement of the trial. And if this be not the only mode of taking advantage of any defect in the bill, in practice, it is certainly the most convenient for the parties." See also 33 Cyc. 565.

The plaintiff was called upon several times for a specific statement of the grounds of her claim; namely, to set out the facts showing a legal consideration for the contract sued upon.

The dates of the items of money set forth in the bill of particulars, save two, show that at that time Ramsey was in the government service, and one was dated after the contract sued on. It was important, therefore, to show that the promise to pay an interest in the said claim then pending before Congress should show a legal consideration. *Bailey* v. *New York C. & H. R. R. Co.* 22 Wall. 604, 638, 22 L. ed. 840, 849. In this case it was said: "Mere irregularities may be passed over without remark, as the suit is an action of assumpsit brought by the plaintiffs to recover back money which they paid to the collector, and the burden is upon them to show that the defendant *ex æquo et bono* is bound to refund the amount which they paid. Indebitatus assumpsit is founded upon what the law terms an implied promise on the part of the defendant to pay what in good conscience he is bound to pay to the plaintiff. Where the

case shows that it is the duty of the defendant to pay, the law imputes a promise to fulfil that obligation, but the law never implies a promise to pay unless some duty creates such an obligation, and more especially it never implies a promise to do an act contrary to duty or contrary to law."

The plaintiff having failed to comply with two orders requiring this amended bill of particulars, her case was dismissed by the court.

In my opinion the judgment was only right and ought to be affirmed.

A petition for rehearing was overruled May 27, 1915.