JOSEPH W. PAK SAU *v.* MRS. OHIA FERREIRA AND JOHN FERREIRA, HER HUSBAND.

No. 1906.

ARGUED NOVEMBER 13, 1929.     DECIDED NOVEMBER 15, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is an action of assumpsit for $348.45, instituted in the district court of Wailuku. From the judgment of the magistrate the case was appealed to the circuit court of the second judicial circuit where trial was had before a jury. The verdict was for the plaintiff for $348.45.

The declaration contained three counts. The first was for $89.30 for balance due for building materials sold and delivered by the plaintiff to the defendants. The second was for $87.30 for money advanced by the plaintiff for the defendants for building materials bought and furnished by the plaintiff for the defendants and $2 interest on the loan. The third was for $250 for work and labor done by the plaintiff for the defendants in tearing down an old house and erecting a new one and for $9.15 interest,—the allegation being that the defendants promised to pay to the plaintiff the reasonable value of the labor and that it was of the reasonable value of $250.

Admittedly there was no evidence in support of the first count. There was evidence in support of the second count. At the conclusion of the plaintiff's case the defendants moved for a nonsuit as to the third count on the ground that it was based on a *quantum meruit,* "and the undisputed evidence discloses that all of the work so done and performed was under an express agreement between the plaintiff and defendants for the sum of $250.00." The motion was denied. Five exceptions are brought to this court. The first is to the denial of the motion for a nonsuit, the second and third are to the giving of the first and

seventh instructions requested by the plaintiff, the fourth is to the verdict and the fifth is to the denial of the motion for a new trial, which was based upon the same four grounds already stated.

There was evidence on behalf of the defendants, and it was their contention throughout the trial, that the plaintiff had entered into a contract with them to tear down a certain old building and to erect a new two-story building for the sum of $750; that at no time was there any other contract between the parties; that the plaintiff did not fully perform his contract, but abandoned the work before the building was completed; and that it became necessary for the defendants to employ another contractor, at a cost of $780, to correct certain mistakes made by the plaintiff and to complete the building. On the other hand, it was the plaintiff's position at the trial that he commenced work under a contract with the defendants to tear down the old building and to erect complete only the upper story of the new building, together with the necessary supports underneath, for the sum of $575; that a written memorandum of this agreement was prepared but that the defendants refused to sign it; that subsequently the agreement was amended so that certain requirements were added by the defendants and the plaintiff's agreed compensation was increased to $750; that a written memorandum of this second agreement was prepared and that the defendants again refused to execute it and at the same time said to the plaintiff, "forget about the contract and you furnish the material necessary for the building, and you pay for it and I will repay you;" that the defendants asked the plaintiff what the labor would cost and that the plaintiff replied that it would amount to $250. In various ways the plaintiff testified, in subsequent examination, that he had a definite, final contract with the defendants to furnish the labor for the

sum of $250. There was testimony from two other witnesses who corroborated the plaintiff's statement that the defendants had asked him to "forget about the contract" and who heard the plaintiff say that the labor would amount to $250. There was ample evidence from several witnesses, including one of those called by the defendant, to support a finding that the plaintiff had erected the second story of the building complete and had in every way performed his contract, that is, taking the plaintiff's view and testimony as to what the contract was.

The main contention advanced by the appellants is that upon the third count for a *quantum meruit* plaintiff cannot recover since the undisputed evidence showed that the labor was performed under an express contract. This contention cannot be sustained. Since the verdict was for the plaintiff, the jury must be deemed to have made all necessary findings, justifiable upon the evidence, in favor of the plaintiff. It need hardly be stated that all questions of credibility and of the weight of the evidence were for the jury alone to decide. The evidence was conflicting upon all important issues; but there was ample evidence to support the finding that, in addition to reimbursing the plaintiff for cash paid for materials used in the building, there was a definite contract whereby the defendants agreed to pay to the plaintiff the sum of $250 for the labor. There was ample evidence to show that the plaintiff had fully performed all that was required of him by the contract. Under these circumstances it is well settled, not only in other jurisdictions but also in this one, that when the contract has been fully performed in all respects except the payment of money, recovery of the amount due may be had upon a *quantum meruit*, even though there was an express contract between the parties as to the price to be paid. In such a case, it has been repeatedly held, there is no variance but

simply a difference in the method of proof. For example, in 9 Cyc. 685, 686, it is said: "It is uncontrovertibly settled that *indebitatus assumpsit* will lie to recover the stipulated price due on a special contract which has been fully performed on the plaintiff's part, and it is not necessary in such case to declare on the special contract, although the plaintiff may use the written agreement as evidence of the compensation due; for where there is a special agreement and the plaintiff has performed on his part, the law raises a duty on the part of the defendant to pay the price agreed upon, and the plaintiff may count either on the implied assumpsit or on the express agreement. A new cause of action, upon such performance, arises from this legal duty in like manner as if the act done had been done upon a general request, without an express agreement, and the plaintiff is not bound to declare specially on the agreement. The same is true where the contract has been fully performed in respect to any one distinct subject included in it. The only effect in such a case of proof of an express contract fixing the price is that the stipulated price becomes the *quantum meruit* in the case. It is not a question of variance, but only of the mode of proof of the allegations of the pleading."

"In such a case it is said the plaintiff does not repudiate the contract nor seek to avoid it, but, under his common count in *indebitatus assumpsit* as for a *quantum meruit* of compensation, he offers the contract in evidence to sustain his case and his proof of compliance with its terms. Under these circumstances defendant will not be permitted to assert that an express contract exists, for the purpose of defeating a recovery on an implied contract." 5 C. J. 1386-1388.

"While a special contract remains executory the plaintiff must sue upon it. When it has been fully executed according to its terms, and nothing remains to be done

but the payment of the price, he may sue on the contract, or in *indebitatus assumpsit,* and rely upon the common counts. In either case the contract will determine the rights of the parties." *Dermott* v. *Jones,* 2 Wall. 1, 9.

In *Canal Co.* v. *Knapp,* 9 Pet. 541, 565, the court reaffirmed what had been said in *Dermott* v. *Jones* and added, "It is a well settled principle, where a special contract has been performed, that a plaintiff may recover on the general counts."

In *Johnson* v. *Lee Toma Co.,* 16 Haw. 693, 697, 698, this court recognized and followed the view of the Supreme Court of the United States on this subject; and in *Testa* v. *Kahahawai,* 18 Haw. 209, 213, 214, citing 9 Cyc. 685, it said: "When an express contract of this character has been fully performed by the plaintiff or when its termination has been occasioned by the defendants or has come about by mutual consent, an action of *indebitatus assumpsit* may be brought and the special contract may be introduced to show the price to be paid or amount to be recovered. It is merely a question of the mode of proof, not of variance between the allegations and proof."

This rule is reasonable and logical. It would tend to cast odium on the administration of the law if in a case where both parties had been fully heard and had presented all of their evidence a plaintiff were to be denied recovery of the amount shown by the evidence to be due him (that is, by the evidence believed by the jury) simply because after completely performing his contract he had declared upon a *quantum meruit* and had proven that the amount of his compensation had been agreed upon in advance by the parties.

There was no error in the giving of the instructions requested by the plaintiff.

The exceptions are overruled.

184

A. E. *Jenkins* (also on the brief) for plaintiff.
E. *Vincent* (also on the briefs) for defendants.